UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :    INFORMATION

      - v. -                  :    S2 07 Cr. 456 (GEL)

VINCENT RISPOLI,                :

      Defendant.              :

- - - - - - - - - - - - - - - - x

## COUNT ONE

(Conspiracy to Manufacture and Distribute a Controlled Substance)

The United States Attorney charges:

1. From in or about 1997, up to and including on or about February 21, 2007, VINCENT RISPOLI, the defendant, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that VINCENT RISPOLI, the defendant, and others known and unknown, would and did manufacture, distribute and dispense, and possess with intent to manufacture, distribute and dispense, a controlled substance, to wit, RISPOLI and others known and unknown did grow, harvest, package and distribute more than 100 kilograms of marijuana in apartments located at 324 Canal Street, in New York County, New York, and 68 Jay Street, in Kings County, New York, in violation of Sections 812, 841(a)(1) and 841(b)(1)(A) of Title 21, United States Code.

OVERT ACTS

3.  In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York:

   a.  On or about February 21, 2007, VINCENT RISPOLI, the defendant, entered an apartment located at 324 Canal Street in New York County, New York.

(Title 21, United States Code, Section 846.)

**FORFEITURE ALLEGATION**

4.  As a result of committing one or more of the controlled substance offenses alleged in Count One of this Information, VINCENT RISPOLI, the defendant, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Count One of this Information.

5.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

   a.  cannot be located upon the exercise of due diligence;

   b.  has been transferred or sold to, or deposited with, a third person;

2

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1), 846, and 853.)

*[signature]*
MICHAEL J. GARCIA
United States Attorney

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

VINCENT RISPOLI,

Defendant.

**INFORMATION**

S2 07 Cr. 456 (GEL)

(21 U.S.C. § 846)

                                                          MICHAEL J. GARCIA
                                            United States Attorney.